*296 The opinion of the court was delivered by
Fenner, J.
The indictment charged defendant with larceny of- “ one beef, of the value of fifteen dollars, of the property of A. T. Broussard.” A motion to quash was made, and overruled on the the ground of insufficiency of description of the thing stolen.
Indictments presenting precisely the same features have been frequently sustained in this State and elsewhere. State vs. King, 31 An. 179; State vs. Garter, 33 An. 1214; 2 Bishop Cr. L., Sec. 709; 2 Archbold (Pomeroy’s Notes), p. 1160, and numerous authorities there cited.
State vs. Hoyer, 40 An. 744, is apparently hostile, but it is,, perhaps,, distinguishable, and, at all events, does not purport to overrule the above authorities, which exactly cover this case.
The only other error assigned is presented on a bill of exceptions to the judge’s ruling, admitting proof that the accused had made threats to a State witness in order to prevent him from testifying in this case, to which accused objected on the ground that he had been tried on the charge of. intimidating the saíne witness, and had been acquitted, and that the State was debarred from showing the commission of any other offence than the one on which he was then being tried.
The defendant was not on trial in this case for' intimidating the witnesses, and the evidence could have no effect in convicting him of such offence to^which his former acquittal would have been a bar. But we can see no-ground on which such acquittal could operate as a bar to evidence offered simply to establish a presumption of guilt of the crime for which he was .then being tried. Non constat that' the evidence. adduced had been heard on the -former trial, or had been passed:on by that- jury.. The defendant - was entitled, and was allowed to' offer; the 'record showing'his trial and acquittal, and the the whole_ went to the jury for what it was worth. This ,was not error. ' ■ ”'
Judgment affirmed.